UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ARUP LABORATORIES, INC., a Utah corporation,<br><br>　　　　Plaintiff/ Counterclaim Defendant,<br><br>v.<br><br>PACIFIC MEDICAL LABORATORY, INC., a California corporation,<br><br>　　　　Defendant/ Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. NO. 31)**<br><br>Case No. 2:20-cv-00186-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff ARUP Laboratories, Inc.'s ("ARUP") Motion for Leave to File Amended Complaint ("Mot.," Doc. No. 31). ARUP seeks to amend its Verified Complaint, in relevant part, to amend the timeframe it claims the Reference Laboratory Services Agreement ("Agreement") governed the parties' conduct. (Ex. A to Mot. ("Am. Compl.") ¶ 7, Doc. No. 31-1.) The court heard argument on the motion on November 9, 2020. (Doc. No. 36.) For the reasons set forth below, the court GRANTS the Motion to Amend.

## BACKGROUND

ARUP brought this action against Pacific Medical Laboratory, Inc. ("Pacific Medical") in Utah state court, alleging breach of contract, claim on account/services provided, and unjust enrichment. (Compl., Doc. No. 2-1.) ARUP's primary allegation is that Pacific Medical failed to pay four invoices reflecting laboratory services ARUP provided. (*Id*. at ¶¶ 6–10.) Pacific Medical removed the case to this court based on diversity jurisdiction. (Notice of Removal ¶¶ 3–7, Doc. No. 2.) Pacific Medical then filed a counterclaim against ARUP for breach of contract based on the Agreement, breach of contract based on ARUP fee schedules, breach of the implied

1

covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, and declaratory relief.  (Answer to Verified Compl. & Countercl., Doc. No. 12.)

The deadline for the parties to file motions to amend pleadings was August 4, 2020.  (Order Granting Mot. to Amend Schedule, Doc. No. 28.)  On July 30, 2020, Pacific Medical filed a stipulated motion to amend its counterclaim.  (Stipulation to Amend Pacific Medical's Countercl., Doc. No. 25.)  The court granted Pacific Medical's motion.  (Docket Text Order, Doc. No. 29.)  Pursuant to the court's order, on August 4, 2020 Pacific Medical filed its amended counterclaim.  (First Am. Countercl., Doc. No. 30.)  That same day, ARUP filed its pending motion to amend.  (Mot., Doc. No. 31.)  And on August 18, 2020, ARUP filed its answer to Pacific Medical's amended counterclaim.  (Answer to Countercl., Doc. No. 32.)

In large part, ARUP seeks to amend its claim regarding the timeframe in which the Agreement governed the parties' conduct.  (Mot. 2, Doc. No. 31.)  ARUP previously alleged the Agreement was in place during the timeframe relevant to the disputed invoices.  (Compl. ¶¶ 6–8, Doc. No. 2-1.)  It now seeks to allege the Agreement terminated by its own terms in 2018, before the dates of the disputed invoices.  (Am. Compl. ¶¶ 7–8, 12–13, Doc. No. 31-1.)  In the proposed amended complaint, ARUP still alleges Pacific Medical failed to pay the same four invoices, but now claims the Agreement expired by its own terms prior to the disputed invoices.  (*Id*. at ¶¶ 7–8, 12–13.)

## LEGAL STANDARD

In diversity actions, courts apply federal procedural law.  *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216–17 (10th Cir. 2011) (citations omitted).  Under the Federal Rules of Civil Procedure, after expiration of the time in which a party may amend its pleading as a matter of course, a party may amend "only with the opposing party's written consent or the

court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.*

A district court's decision to deny leave to amend under Rule 15 falls within its discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971)). Courts may deny leave to amend "only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The purpose of this approach is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (internal quotation marks omitted).

Here, Pacific Medical alleges ARUP's motion to amend should be denied because it reflects undue delay[1] and would cause undue prejudice.

## DISCUSSION

**A. Undue Delay**

Undue delay is one reason a court may deny a motion to amend. *Lockheed Martin Corp.*,

---

[1] In its opposition, Pacific Medical focuses on timeliness as evidence of prejudice, rather than as evidence of undue delay. It complains it spent nearly eight months relying on ARUP's position that the Agreement controlled the parties' relationship and provided the basis for relief. (Pacific Medical Opp'n to ARUP's Mot. for Leave to Amend Verified Compl. ("Opp'n") 2–3, Doc. No. 33.) Out of an abundance of caution, the court considers this argument both in the context of undue delay and undue prejudice. *See Minter*, 451 F.3d at 1205 ("Prejudice and timeliness are obviously closely related," but are evaluated separately.).

3

558 F.3d at 1166. However, "[e]mphasis is on the adjective: 'Lateness does not of itself justify the denial of the amendment.'" [2] *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)). Although "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action," at some point the delay becomes "undue." *Id.* (internal quotation marks omitted). The longer a party waits to amend, the more likely a court will deny the motion to amend as "protracted delay." *Id.*

When determining whether a delay is undue, courts focus "primarily on the reasons for the delay." *Id.* at 1206. If the moving does not have an adequate explanation for the delay, denial is appropriate. *Id.* The fact that a motion to amend "is filed within the court's scheduling deadline" is "evidence that the delay was not undue." *Lauer v. Credit Collection Servs.*, No. 1:14-cv-00062, 2015 U.S. Dist. LEXIS 48601, at *4 (D. Utah Apr. 13, 2015) (unpublished). However, the moving party is still required to provide an explanation for the delay. *Id.* This circuit previously found undue delay when parties belatedly sought to amend to "make the complaint a moving target," "to salvage a lost case by untimely suggestion of new theories of recovery," "to present 'theories seriatim' in an effort to avoid dismissal," and to "knowingly delay[] raising [an] issue until the 'eve of trial.'" *Minter*, 451 F.3d at 1206 (alterations in

---

[2] There is authority in the Tenth Circuit which appears contrary to this assertion. *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend."). However, *Minter* resolves this potential disagreement, clarifying that the distinction is between "delay" and "undue delay," such that delay on its own would not be an adequate basis to deny a motion to amend, whereas undue delay can be an adequate basis. 451 F.3d at 1205; *see also Bhandari v. VHA Sw. Cmty. Health Corp.*, No. CIV 09-0932, 2011 U.S. Dist. LEXIS 37700, at *115–16 n.14 (D.N.M. Mar. 30, 2011) (unpublished) (noting *Minter* clarifies the distinction between *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975), and *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

4

original) (internal quotation marks omitted).

Pacific Medical alleges ARUP does not have an adequate reason for amending its complaint after asserting, for nearly eight months, that the Agreement was operative during a different timeframe. (Opp'n 2–3, 10, Doc. No. 33.) Pacific Medical's primary argument is that ARUP cannot argue the error was due to mistake or oversight by its attorneys or ARUP employees because its original complaint is a verified complaint. (*Id*. at 10.) However, Pacific Medical cites no cases in support of the claim that a verified complaint cannot later be amended to alter a previously asserted fact.

ARUP has provided an adequate justification for the amendment. ARUP acknowledges neither it nor its counsel fully understood the status of the Agreement at the time it filed its complaint. (Reply Mem. in Supp. of Mot. to Amend Compl. ("Reply") 3, Doc. No. 34.) ARUP explains that it came to understand the status of the Agreement through reviewing documents for discovery. (*Id*.) Once it understood the scope of the Agreement, ARUP moved to amend its complaint. (*Id*. at 9.)

There is no suggestion ARUP waited for any length of time to amend its complaint after it came to understand the status of the Agreement. Nor is there any suggestion ARUP made this motion in bad faith for a strategic purpose. It is undisputed that ARUP filed its motion to amend within the scheduling deadline, which is evidence the motion to amend is not unduly delayed. (*See* Order Granting Mot. to Amend Scheduling Order, Doc. No. 28.) Moreover, at the time ARUP moved to amend, the parties were in the beginning stages of litigation and discovery. Pacific Medical had propounded only one set of written discovery requests, and no depositions had been taken or noticed. (Reply 8, Doc. No. 34.) Accordingly, ARUP's motion to amend is not unduly delayed.

### B. Undue Prejudice

Courts may also deny a motion to amend if amendment will cause "undue prejudice." *Lockheed Martin Corp.*, 558 F.3d at 1166. Prejudice is the "most important[] factor in deciding a motion to amend the pleadings." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendant[] in terms of preparing [its] defense to the amendment." *Id.* at 1208 (internal quotation marks omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Pacific Medical alleges it will be prejudiced by amendment because ARUP previously admitted, and relied on, the fact that the Agreement was in place during the disputed invoices. (Opp'n 9, Doc. No. 33.) Pacific Medical claims ARUP admitted the Agreement was the governing document in a pre-suit demand letter, its original verified complaint, its answer to Pacific Medical's original counterclaims, and its opposition to Pacific Medical's motion to transfer. (*Id.* at 3–6.) According to Pacific Medical, these admissions caused it to litigate this case with the understanding this fact was conclusively established. (*Id.* at ¶¶ 6–7, 9.)

These claims of prejudice are unavailing. Pacific Medical does not dispute that the discovery deadline had not passed and no depositions had been taken at the time ARUP filed its motion to amend. Pacific Medical was in a position to propound additional discovery or arrange depositions aimed at the status of the Agreement. There is no indication the amendment will prevent Pacific Medical from pursuing a defense. Indeed, Pacific Medical is still free to argue the Agreement was the governing document at the time of the disputed invoices. Further, ARUP's proposed amendment arises out of the same subject matter as the original complaint— the disputed invoices. ARUP seeks to amend the allegation that the Agreement was the

governing document but does not seek to amend anything in the complaint about the invoices themselves. Although the amendment raises the new factual issue of whether the invoices were governed by Agreement, it is not such a significant change as to cause undue prejudice.

Moreover, the cases relied on by Pacific Medical in support of the proposition that amendment under these circumstances would be unduly prejudicial are distinguishable from the case at hand. In each of these cases, the parties were in the middle of, or past, litigating motions and the moving parties failed to provide adequate reasons for amendment. For example, in *Arista Records, Inc. v. Flea World, Inc.*, the court noted "[m]any of the statements made, and now deleted, were relied upon by Plaintiffs and this Court in the prior round of motions." 356 F. Supp. 2d 411, 420 (D.N.J. 2005). The court further noted the defendant sought to "reconstruct that pleading from the ground floor up" because it had retained new counsel, not because "the answers they seek to amend were the product of prior counsel's mistake or neglect." *Id*. (internal quotation marks omitted).

In *Sodexo Management, Inc.*, which relied on *Arista Records*, the court noted the defendant filed its motion to amend "in response to [plaintiffs' motion for judgment on the pleadings] that was based substantially on [defendant's] factual admissions in its original answer." *Sodexo Mgmt. v. Benton Harbor Area Sch. Dist.*, No. 1:15-cv-00878, 2016 U.S. Dist. LEXIS 26115, at *8–9, 11 (W.D. Mich. Mar. 2, 2016) (unpublished). The court also found the defendant's motion to amend was "brought in bad faith and with dilatory motive." *Id*. at *8. The basis for the motion was not "a result of mistake, oversight, being misled, attorney neglect or even . . . error." *Id*. at *9 (alteration in original) (internal quotation marks omitted). Rather, the basis of the motion to amend was newly discovered evidence—but the documents themselves

established this evidence was provided to defendant's counsel approximately two weeks before the defendant originally answered. *Id*. at *8–9.

Lastly, *Brit UW Limited* is not comparable to the case at hand because the court decided it pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which governs amendments after the scheduling order deadline has expired. *Brit UW Ltd. v. Briones*, No. SA-11-cv-00994, 2013 U.S. Dist. LEXIS 88844, at *28 (W.D. Tex. June 25, 2013) (unpublished). When the deadline has expired, the moving party must demonstrate "good cause to modify the scheduling order" and only then "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. (internal quotation marks omitted); *see also id.* at *32 (finding no good cause to amend the scheduling order under Rule 16(b)).

In short, where this case is in its early stages and amendment arises from the same subject matter as the initial compliant, Pacific Medical has not established undue prejudice.

## C. Decision on the Merits

As described above, the purpose of the rule allowing amendment "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (internal quotation marks omitted). Pacific Medical notes ARUP admitted, in response to Pacific Medical's initial counterclaim, that it provided services to Pacific Medical under the Agreement until approximately January 2020. (Opp'n 5, Doc. No. 33.) However, in its answer to Pacific Medical's *amended* counterclaims, ARUP denied this same assertion. (First Am. Countercl. ¶¶ 11–12, Doc. No. 30; Answer to Am. Countercl. ¶¶ 11–12, Doc. No. 32.) Once a party amends a pleading pursuant to Rule 15(a), it "supersedes the [pleading] it modifies and renders the prior [pleading] of no legal effect." *Fullerton v. Maynard*, No. 91-7002, 1991 U.S. App. LEXIS 20869, *4 (10th Cir. Aug. 29, 1991) (unpublished). Pacific

Medical's amended counterclaim is the relevant pleading, not its original counterclaim, as is ARUP's answer to the amended counterclaim.

In light of this, disallowing ARUP's amendment would create an unnecessarily factually complicated case and potentially lead to contrary findings. If the court denies amendment, ARUP will be constrained to argue the Agreement *was* in effect when litigating its complaint. However, when defending against Pacific Medical's amended counterclaims, ARUP will be permitted to argue the Agreement *was not* in effect. This would interfere with a clean determination of this action on its merits.

## CONCLUSION

ARUP did not unduly delay in moving to amend its complaint and amendment will not cause undue prejudice. Allowing amendment will ensure the action is resolved on the merits and not on procedural technicalities. Accordingly, the court GRANTS ARUP's Motion for Leave to File Amended Complaint. ARUP shall file the First Amended Complaint in the form found at Doc. No. 31-1 by December 28, 2020. Once filed on the docket, the First Amended Complaint will be the operative pleading in this case.

DATED this 14th day of December, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge