IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ARUP LABORATORIES, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC MEDICAL LABORATORY, INC., a California corporation,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [13] PACIFIC MEDICAL LABORATORY, INC.'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**<br><br>Case No. 2:20-cv-00186-DBB<br><br>District Judge David Barlow |
| PACIFIC MEDICAL LABORATORY, INC., a California corporation,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>ARUP LABORATORIES, INC., a Utah corporation,<br><br>    Counterclaim Defendant. | |

  Defendant and Counterclaim Plaintiff Pacific Medical Laboratory, Inc. ("Pacific Medical") moves to transfer (the "Motion") this case to the United State District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).[1] Pacific Medical argues that it would be an appropriate use of the court's discretion under § 1404(a) to transfer the case because, under the applicable factors that the court must consider, the Central District of

---

[1] Pacific Medical Laboratory, Inc's Motion to Transfer Under 28 U.S.C. § 1404(a), ECF No. 13, filed April 9, 2020.

California is a more convenient venue for the parties' dispute and that the interests of justice would be better served by transfer.[2]

Plaintiff and Counterclaim Defendant ARUP Laboratories, Inc. ("ARUP") opposes the motion,[3] arguing that the terms of the Reference Laboratory Service Agreement ("Service Agreement") (the alleged breach of which is the focus of the dispute between the parties) specify that both parties have waived any objection to venue.[4] Furthermore, ARUP argues that the factors of a § 1404(a) analysis weigh in favor of keeping the case in the District of Utah.[5] Pacific Medical replied in support of the Motion.[6]

As explained below, Pacific Medical has not carried its burden to demonstrate that the applicable factors under §1404(a) weigh in favor of transfer. The Motion is denied.

## BACKGROUND

ARUP and Pacific Medical executed the Service Agreement in April of 2014.[7] Paragraph 10 of the Service Agreement reads as follows:

> 10. <u>Applicable Law</u> This Agreement shall be construed, and the rights and liabilities of the parties hereto determined, in accordance with the internal laws of the State of Utah; provided, however, that the conflicts of law principles of the State of Utah shall not apply to the extent that they would operate to apply the laws of another state. **All proceedings relating to or arising out of the subject matter hereof shall be maintained exclusively in the courts situated in either the State of Utah, or the State of California**, and the parties hereto consent to

---

[2] *Id.* at 2.

[3] ARUP's Opposition to Motion to Transfer ("Opposition"), ECF No. 15, filed April 29, 2020.

[4] *Id.* at 1–2.

[5] *Id.* at 2.

[6] Reply Memorandum Supporting Pacific Medical Laboratory, Inc's Motion to Transfer Under 28 U.S.C. § 1404(a), ECF No. 19, filed May 14, 2020.

[7] Motion at 3.

personal and subject matter jurisdiction and venue therein and hereby waive any right to object to personal or subject matter jurisdiction or venue therein.[8]

ARUP performed services for Pacific Medical for nearly six years, from approximately April 2014 until January 2020.[9] On February 14, 2020, ARUP filed this action in Utah State Court, seeking damages of approximately $180,000 due to an alleged breach of the Service Agreement by Pacific Medical.[10] On March 19, 2020, Pacific Medical removed the case to this court.[11]

## DISCUSSION

As set forth in 28 U.S.C. § 1404(a), "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In most cases, the court engages in a multi-factor analysis to determine if transfer of venue is proper.[12] In the Motion, Pacific Medical presents the issue of transfer as one that would proceed under this sort of analysis.

However, the United States Supreme Court has determined in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*[13] that this analysis can change "when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"[14] The *Atlantic Marine* holding giving a forum selection clause controlling weight is only applicable when the forum selection clause is

---

[8] Opposition, Exhibit A, Reference Laboratory Service Agreement ("Service Agreement") at ¶ 10, ECF No. 15-1, filed April 29, 2020 (emphasis added).

[9] Motion at 3.

[10] Notice of Removal, Exhibit 1, State Court Complaint ("Complaint") at 5–6, ECF No. 2-1, filed March 19, 2020.

[11] Notice of Removal, ECF No. 2, filed March 19, 2020.

[12] *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[13] 571 U.S. 49 (2013).

[14] *Id.* at 51 (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31(1988)).

"mandatory" rather than "permissive."[15] "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum."[16] "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."[17] As Pacific Medical acknowledges, the applicable forum selection clause in paragraph 10 of the Service Agreement is a hybrid of these two types of forum selection clauses.[18] In keeping with the characteristics of mandatory forum selection clauses, there is an exclusive limitation as to where disputes arising out of the Agreement can be brought. But also, in keeping with the characteristics of permissive clauses, litigation is not limited solely to one single forum: the agreement permits disputes between Pacific Medical and ARUP to be litigated either in California or Utah.[19]

The facts of the case here differ from a mandatory forum selection clause case like *Atlantic Marine* in that ARUP has not flouted the provisions of the Service Agreement by filing suit in an impermissible forum.[20] Here the court is being asked to transfer this case from one of the identified forums where litigation is permitted to the other permitted forum. It therefore follows that it is appropriate to treat Paragraph 10 of the Service Agreement as a permissive forum selection clause for purposes of Pacific Medical's motion and proceed under the multi-factor analysis for a request to transfer under 28 U.S.C. § 1404(a). The court is not convinced by ARUP's argument that this analysis is unnecessary due to Pacific Medical waiving any objection

---

[15] *See King v. PA Consulting Grp., Inc.*, 78 Fed. Appx. 645, 649 (10th Cir. 2003).

[16] *Excell, Inc. v. Sterling Boiler & Mech, Inc*., 106 F.3d 318, 321 (10th Cir. 1997).

[17] *Id.*

[18] Reply at 4.

[19] Service Agreement at ¶ 10.

[20] *See Atlantic Marine Construction Co., Inc.* 547 U.S at 49, 63.

to venue in the Service Agreement[21] because such objections do not necessarily foreclose a party's ability to seek transfer under § 1404(a).[22]

In this analysis, "[t]he party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient[]"[23] using factors that include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious, and economical.[24]

Regarding these factors, Pacific Medical argues: that ARUP's choice to file suit in Utah should be afforded little deference;[25] that the availability and sources of proof favor California rather than Utah;[26] that it would be expensive to bring three material witnesses to Utah from California to offer the necessary proof;[27] that there are questions as to the enforceability of judgment;[28] and that it is unlikely that problems arising in the area of conflict of laws would occur because a California judge would be qualified to apply Utah law.[29] Pacific Medical also argues that the factor regarding docket congestion is neutral as to transfer.[30]

---

[21] Opposition at 2–3.

[22] *See* Charles Allen Wright, et al., 14D Federal Practice & Procedure Jurisdiction § 3829 (4th ed.) (stating "[i]t is important to note, however, that a defendant who has waived a venue objection has not necessarily waived the right to seek a transfer of venue under 28 U.S.C.A. § 1404(a)").

[23] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

[24] *Id.* at 1516 (internal citations omitted).

[25] Motion at 7–8.

[26] *Id.* at 8–10.

[27] *Id.* at 10.

[28] *Id.*

[29] *Id.* at 11.

[30] *Id.* at 10–11.

As to the factor regarding plaintiff's choice of forum, this court gives considerable weight to plaintiff's choice of forum under a permissive forum selection clause analysis.[31] This is because "the plaintiff's choice of forum should rarely be disturbed," and even then only in instances where "the balance is *strongly* in favor of the movant."[32]

Because the accessibility of witnesses and sources of proof is the "most important factor" in determining whether a forum is inconvenient under § 1404(a),[33] Pacific Medical focuses the majority of its argument in favor of transfer on this factor. A movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses are unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary.[34] Here, Pacific Medical has only focused on the first two requirements and has not offered any information as to unavailability of these witnesses, why deposition testimony would be unsatisfactory, and if compulsion would be necessary. Additionally, Pacific Medical has not convincingly explained why at least some of the Utah-based witnesses identified by ARUP will not be relevant to ARUP's claims.[35] As a result, Pacific Medical's argument for transfer under this factor is not persuasive and amounts to an effort to make things more convenient for it at the expense of ARUP. "Merely shifting the inconvenience from one side to the other"[36] is not a sufficient basis to support transfer.

---

[31] *See Utah Pizza Serv., Inc. v. Heigel*, 784 F. Supp. 835, 840 (D. Utah 1992).

[32] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (emphasis added) (citation omitted).

[33] *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010).

[34] *Id.*

[35] In the Motion, Pacific Medical identifies four "material witnesses": three California-based witnesses and one Utah-based witness. Motion at 5–6. ARUP notes in its Opposition that this list should also include seven additional Utah-based witnesses. Opposition at 9.

[36] *Scheidt*, 956 F.22d at 966.

As to the remaining factors raised by Pacific Medical, none of them support transfer. Regarding the costs of making the necessary proof, it is not clear that there are more witnesses in California than there are in Utah, nor is there any reason to believe that it will be less costly—let alone significantly less costly—for this case to be handled in California. Regarding the enforcement of a potential judgment, that is a possible inconvenience to ARUP which it must bear.[37] Given that ARUP has chosen to file in Utah, the court—as mentioned previously—will defer to ARUP's choice. Next, as Pacific Medical correctly noted in its motion, the relative congestion of dockets neither favors nor weighs against transfer.[38] Finally, "[i]n a diversity action, courts prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law." Here, the Service Agreement specifies that it is governed by Utah law.[39] While the court agrees with Pacific Medical that this factor is not of great significance in this case, this factor still weighs against transfer.

For the foregoing reasons, Pacific Medical has failed to carry its burden demonstrating that this court is an inconvenient forum and that this case should be transferred under 28 U.S.C. § 1404(a).

---

[37] *See F.J. Joseph, Inc. v. Lida Advert., Inc.*, 991 F. Supp. 1283, 1285 (D. Kan. 1998).

[38] Motion at 10–11.

[39] Service Agreement at ¶ 10.

## ORDER

IT IS HEREBY ORDERED that the Motion[40] is DENIED.

Signed January 5, 2021

BY THE COURT

David Barlow
United States District Judge

---

[40] Pacific Medical Laboratory, Inc's Motion to Transfer Under 28 U.S.C. § 1404(a), ECF No. 13, filed April 9, 2020.