THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ARUP LABORATORIES, INC., a Utah corporation, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC MEDICAL LABORATORY, INC., a California corporation, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [47] PACIFIC MEDICAL LABORATORY, INC.'S MOTION FOR RECONSIDERATION OF [41] DENIAL OF MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)** <br><br> Case No. 2:20-cv-00186-DBB <br><br> District Judge David Barlow |
| PACIFIC MEDICAL LABORATORY, INC., a California corporation, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> ARUP LABORATORIES, INC., a Utah corporation, <br><br> Counterclaim Defendant. | |

Defendant and Counterclaim Plaintiff Pacific Medical Laboratory, Inc. ("Pacific Medical") filed a Motion for Reconsideration of Denial of Pacific Medical's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) ("Motion").[1] Plaintiff did not file any opposition, and the time

---

[1] ECF No. 47, filed June 16, 2021.

to do so has expired. Having reviewed the briefing, the court concludes the motion may be resolved without oral argument.[2] For the reasons stated herein, the Motion is DENIED.

## DISCUSSION

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[3] So, a motion is appropriate only where the "court has misapprehended the facts, a party's position, or the controlling law."[4]

Pacific Medical argues there was a change in facts when Plaintiff filed an amended complaint that no longer relied on the terms of the Reference Laboratory Services Agreement between the parties.[5] The amended complaint now relies on invoices which do not contain a forum selection clause like the agreement.[6] Accordingly, Pacific Medical asks the court to reconsider its prior ruling and grant the transfer.

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[7] In analyzing whether transfer is appropriate, the court considers various factors including:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of

---

[2] *See* DUCivR 7-1(f).

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4] *Id.*

[5] Motion at 2.

[6] Motion at 7–13.

[7] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious, and economical.[8]

The court previously addressed these factors and concluded that Pacific Medical "failed to carry its burden demonstrating that this court is an inconvenient forum and that this case should be transferred under 28 U.S.C. § 1404(a)."[9] Among other things, the court noted that weight is given to an plaintiff's choice of forum,[10] and that Pacific Medical "had not offered any information as to the unavailability of [the] witnesses, why deposition testimony would be unsatisfactory, and if compulsion would be necessary."[11]

Pacific Medical's motion for reconsideration does not change the balance. The amended complaint's reliance on invoices rather than the parties' agreement does not materially impact the earlier § 1404(a) analysis. As was the case previously, Pacific Medical has failed to carry its burden of showing that this forum is inconvenient and that the court should exercise its discretion to transfer the case.

## ORDER

IT IS HEREBY ORDERED that the Motion is DENIED.

Signed September 16, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[8] *Id.* at 1516 (internal citations omitted).

[9] Order at 7.

[10] This is particularly true for an in-state plaintiff. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) ("[A] plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum." (citing *Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947)).

[11] *Id.* at 6.