UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ARUP LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC MEDICAL LABORATORY, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART ARUP'S MOTION FOR SANCTIONS (DOC. NO. 55)** <br><br> Case No. 2:20-cv-00186 <br><br> Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff ARUP Laboratories, Inc.'s ("ARUP") Motion for Sanctions, ("Mot.," Doc. No. 55). ARUP seeks sanctions against Defendant Pacific Medical Laboratory, Inc. ("PML") in connection with (1) the failure by PML and its officers, Dr. Reza Zarghami and Dr. Jalal Zarghami, to appear at their depositions on August 3 and 5, 2021; (2) PML's failure to properly prepare its Rule 30(b)(6) designee, and other obstreperous conduct during PML's 30(b)(6) deposition; and (3) a dispute regarding ARUP's request for PML's counsel to remain visible and unmuted during virtual depositions. (*Id.* at 1–2.) ARUP also seeks its attorney fees and costs incurred in bringing the motion for sanctions. (*Id.* at 2.) The court heard argument on the motion on January 4, 2022. (*See* Doc. No. 63.) For the reasons explained below, the court grants the motion in part and denies it in part.

## BACKGROUND

In this action, ARUP raises claims against PML for breach of contract, claim on account/services provided, and unjust enrichment. (Am. Compl. ¶¶ 6–29, Doc. No. 38.) ARUP's primary allegation is that PML failed to pay four invoices reflecting laboratory services

1

ARUP provided. (*Id*. at ¶¶ 7–15.) PML asserts counterclaims against ARUP for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and declaratory relief. (Am. Countercl. ¶¶ 41–64, Doc. No. 30.) PML alleges ARUP charged higher rates than those allowed under the parties' contract and failed to use the appropriate billing codes, thereby interfering with PML's ability to obtain reimbursement from Medi-Cal. (*Id*. ¶¶ 16–18, 20–24). Under the most recent scheduling order, the close of fact discovery was August 15, 2021. (Third Am. Scheduling Order, Doc. No. 46.)

As set forth in ARUP's motion and attached exhibits, between March and August 2021, ARUP made numerous attempts to schedule the depositions of PML, PML president Dr. Reza Zarghami ("Dr. Reza"), and PML chief operating officer Dr. Jalal Zarghami ("Dr. Jalal"). (Mot. 6–7, Doc. No. 55; *see generally* Exs. A & B to Mot., Emails Between ARUP's Counsel and PML's Counsel, Doc. Nos. 55-1 & 55-2.) On June 21, ARUP's counsel proposed July 12–15 or August 3–5 for the depositions. (Mot. 7, Doc. No. 55; Ex. B to Mot., Doc. No. 55-2 at 3.) ARUP's counsel sent follow-up emails on June 25 and July 6, but PML's counsel did not confirm whether those dates were available. (Mot. 7, Doc. No. 55; Ex. B to Mot., Doc. No. 55-2 at 2–3.) On July 7, with the August 15 fact discovery deadline approaching, ARUP set the depositions for August 3 and 5 and sent notices. (Mot. 7, Doc. No. 55; Ex. B to Mot., Doc. No. 55-2 at 2, 5.)

On August 2, at approximately 5:00 p.m., PML's counsel called ARUP's counsel and advised that neither Dr. Reza nor Dr. Jalal were planning to attend their depositions on August 3 or 5—in either their personal or 30(b)(6) capacities. (Mot. 7–8, Doc. No. 55; Ex. D to Mot., Dep. of Reza Zarghami, Aug. 3, 2021 ("August 3 Dep."), Doc. No. 55-4.) Later that evening, PML's counsel proposed August 16, 17, or 18—dates after the close of fact discovery—as

2

alternatives.  (Ex. C to Mot., Email from PML's Counsel to ARUP's Counsel (Aug. 2, 2021 7:01 PM), Doc. No. 55-3.)  PML's counsel also notified ARUP's counsel that Dr. Reza would be PML's 30(b)(6) designee for all topics.  (Ex. C to Mot., Email from PML's Counsel to ARUP's Counsel (Aug. 2, 2021 7:16 PM), Doc. No. 55-3.)

ARUP's counsel and PML's counsel appeared virtually, via Zoom, for the scheduled depositions on August 3 and 5 and made a record of the deponents' failure to appear.  (August 3 Dep., Doc. No. 55-4; Ex. E to Mot., Dep. of Jalal Zarghami, Aug. 5, 2021, Doc. No. 55-5.)  PML's counsel explained there had been a "miscommunication" between him, PML's local California counsel,[1] and their client regarding whether the depositions were going forward. (August 3 Dep. 8:1–10, Doc. No. 55-4.)  Dr. Reza later testified he did not appear on August 3 because of a "miscommunication," and said he had not been informed the deposition was scheduled for August 3.  (Ex. F to Mot., Dep. of Reza Zarghami, Aug. 17, 2021 ("Reza Dep.") 11:3–16, Doc. No. 55-6.)  Similarly, Dr. Jalal testified he did not know about the deposition scheduled for August 5.  (Ex. G to Mot., Dep. of Jalal Zarghami, Aug. 19, 2021 ("Jalal Dep.") 17:1–10, Doc. No. 55-7.)

The parties later proceeded with the depositions on August 17 and 19.  Dr. Reza was deposed on August 17, both as PML's sole 30(b)(6) designee and in his personal capacity.  (Reza Dep., Doc. No. 55-6.)  Dr. Reza initially testified he prepared for the deposition by speaking to his attorneys for less than an hour and did not review any documents.  (*Id.* at 10:18–11:2.)  He later testified he reviewed the 30(b)(6) notice for the first time the day before the deposition and reviewed some other documents the day before and the morning of the deposition.  (*Id.* at 217:24–218:12, 226:2–11).  As described in greater detail below, at numerous times throughout

---

[1] PML's California counsel has not entered an appearance in this case.

the deposition, Dr. Reza indicated he did not know the answers to ARUP's questions on 30(b)(6) topics and suggested Dr. Jalal would be better suited to answer them. Partway through the deposition, PML's counsel attempted to designate Dr. Jalal as the 30(b)(6) designee for any topics on which Dr. Reza was unable to testify. (*Id.* at 84:6–12.) ARUP's counsel rejected this idea, stating it was inappropriate to designate a new witness after Dr. Reza had given his responses. (*Id.* at 84:13–18.) Dr. Jalal was then deposed solely in his personal capacity on August 19. (Jalal Dep., Doc. No. 55-7.)

During the August 17 deposition, PML's California counsel was in the same room as Dr. Reza. ARUP's counsel asked them to keep their microphones unmuted while in the same room and asked that counsel's face remain visible. (*See* Reza Dep. 82:16–88:21, 113:5–115:14, Doc. No. 55-6.) She noted she had seen their lips moving while their microphones were muted, including while questions were being asked. (*See id.*) PML's California counsel declined, citing issues with microphone feedback and stating he was not required to remain visible. (*See id.*) When PML later declined to agree to have its California counsel remain visible and unmuted during Dr. Jalal's deposition, ARUP requested a hearing to resolve the issue. (*See* Ex. J to Mot., Emails Between ARUP's Counsel and PML's Counsel (Aug. 18, 2021), Doc. No. 55-10 at 2.) The court held a telephone conference on August 19, before Dr. Jalal's deposition began, and ordered that during virtual depositions, any person in the same room as the deponent be visible on camera with his/her/their microphone unmuted. (*See* Minute Entry (Aug. 19, 2021), Doc. No. 51.)

ARUP moved for sanctions related to these depositions, (Mot., Doc. No. 55), and PML filed an opposition, (Opp'n,[2] Doc. No. 58). After the opposition was filed but before the hearing on the motion, PML obtained new counsel to represent it in this case. (*See* Notice of Substitution of Counsel, Doc. No. 61.)

## LEGAL STANDARDS

Rule 37 of the Federal Rules of Civil Procedure permits a court to order sanctions if a party's officer or 30(b)(6) designee "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions for failure to appear may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi), including "directing that . . . designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(i), (d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Additionally, Rule 30 permits the court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

## DISCUSSION

ARUP seeks an award attorney fees and costs in connection with (1) PML and its officers' failure to appear for the depositions on August 3 and 5; (2) PML's failure to properly prepare Dr. Reza for the 30(b)(6) deposition, and other obstreperous behavior during the

---

[2] The opposition brief is incorrectly captioned as a motion for reconsideration of the denial of a motion to transfer venue. (*See* Doc. No. 58.)

deposition; and (3) PML's refusal to stipulate to ARUP's request that counsel remain visible and unmuted during virtual depositions. (Mot. 1–2, Doc. No. 55.) ARUP also asks the court to order certain facts be taken as established as a sanction for PML's failure to prepare its 30(b)(6) designee and for obstreperous conduct. (*Id.* at 2, 32–34.) Finally, ARUP seeks its fees and costs incurred in bringing this motion.

1. Failure to Appear for Depositions

ARUP contends PML must be required to pay ARUP's reasonable expenses associated with the depositions on August 3 and 5 because the depositions were properly arranged through PML's counsel and the witnesses' failure to appear was not substantially justified. (Mot. 25–27, Doc. No. 55.) ARUP asserts the reasonable expenses caused by this failure include the cost of the court reporter appearing on those dates, the transcripts of the record documenting the nonappearance, and attorney fees incurred by appearing on those dates, addressing the last-minute cancellation, and rescheduling. (Reply 3, Doc. No. 59.)

In its opposition brief, PML explains the failure to appear was a result of its counsel's inadvertent mistake—namely, PML's Utah counsel sent the deposition notices only to PML's local California counsel, who inadvertently failed to forward them to the witnesses. (Opp'n 2–4, Doc. No. 58.) PML asserts that when its counsel learned of this error, he immediately rectified it by notifying ARUP and proposing alternative deposition dates. (*Id.* at 2–3.) At the hearing, PML's new counsel argued PML should not be sanctioned for its former counsel's mistake, and that this mistake qualified as substantial justification for the failure to appear.

PML does not dispute it was properly served with notice of the August 3 and 5 depositions or that its officers failed to appear. In these circumstances, an award of reasonable expenses caused by the failure is mandatory "unless the failure was substantially justified or

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The explanation offered by PML does not meet this standard. PML offers no authority to support its position that counsel's inadvertent mistake constitutes substantial justification under this rule. Moreover, PML's counsel does not explain why he failed to confirm his client was aware of the depositions until 5:00 p.m. the day before. Contrary to PML's argument, attempting to cancel the depositions the evening before and offering alternative dates after the close of fact discovery did not rectify the situation. This occurred after ARUP had tried for months to schedule the depositions, and PML failed to make its officers available for depositions at any time during the fact discovery period. Under these circumstances, ARUP's decision to proceed with the depositions was not unreasonable, and requiring PML to bear ARUP's resulting expenses is not unjust.

For these reasons, the court orders PML to pay ARUP's reasonable attorney fees and costs caused by the failure to appear at the August 3 and 5 depositions. These expenses shall include the cost of the court reporter appearing on those dates, the transcripts of the record documenting the nonappearance, and attorney fees incurred by appearing on those dates, addressing the last-minute cancellation, and rescheduling.

2. Failure to Prepare 30(b)(6) Designee, and Obstreperous Conduct

ARUP asserts PML failed to prepare its sole 30(b)(6) designee, Dr. Reza, to testify on identified topics central to the parties' claims. (Mot. 29–34, Doc. No. 55.) ARUP also argues Dr. Reza engaged in other "obstreperous" behavior, including giving evasive, rambling, and nonresponsive answers to simple questions regarding PML's claims. (*Id.* at 17–19, 28–29.) ARUP contends this behavior thwarted the orderly conduct of the deposition and unnecessarily protracted it. (*Id.* at 28–29.) ARUP asks the court to sanction PML and Dr. Reza by requiring

them to pay ARUP's attorney fees and costs incurred in connection with the 30(b)(6) deposition, and by ordering certain facts to be designated as established. (*Id.* at 1–2, 31–33.)

PML contends it properly designated and prepared Dr. Reza as a 30(b)(6) witness, but acknowledges it became clear during questioning that Dr. Reza had less knowledge than Dr. Jalal on certain topics. (Opp'n 9, Doc. No. 58.) However, PML argues ARUP suffered no prejudice because PML offered Dr. Jalal as a substitute designee for any topics on which Dr. Reza was unable to testify. (*Id.*) PML also maintains Dr. Reza was not intentionally evasive or obstructionist but, instead, handled himself in a professional manner and made reasonable requests for clarification. (*Id.* at 10.) Finally, PML argues ARUP's requested sanctions are unreasonable and disproportionate to the conduct alleged. (*See id.* at 11.)

"[C]orporations have an affirmative duty to make available as many persons as necessary to give complete, knowledgeable, and binding answers on the corporation's behalf." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) (internal quotation marks omitted). Corporations must "make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999). "If the designated persons do not possess personal knowledge of the matters set out in the deposition notice, the [entity] is obligated to prepare the designees so that they may give knowledgeable and binding answers for the [organization]." *Id.* (internal quotation marks omitted) (alterations in original). Producing an unprepared witness for a 30(b)(6) deposition "is tantamount to a failure to appear at a deposition." *Id.* (internal quotation marks omitted). "If it becomes obvious during the course of a deposition that the

designee is deficient, the [organization] is obligated to provide a substitute." *Id.* (internal quotation marks omitted) (alteration in original).

The record shows PML failed to adequately prepare Dr. Reza to testify as its sole 30(b)(6) designee. According to his own testimony, Dr. Reza spent very little time preparing for the deposition and did not even review the 30(b)(6) notice until the day before. And, as set forth in detail in ARUP's motion and the attached deposition transcript, Dr. Reza was unprepared to testify on many of the noticed topics, including the following:

- Receipt and payment of invoices (Topic 5). (*See* Ex. I to Mot., Second Am. Notice of Rule 30(b)(6) Dep. of Pacific Medical Laboratory, Inc. ("30(b)(6) Notice") 4, Doc. No. 55-9; Reza Dep. 67:23–68:15, 73:14–25, 77:6–20; 112:3–7, Doc. No. 55-6 (testifying Dr. Jalal reviewed the invoices and referring questions on this topic to Dr. Jalal).)

- PML's allegations that ARUP failed to use appropriate "CPT" billing codes on its invoices or otherwise inappropriately charged for services (Topic 1). (*See* 30(b)(6) Notice 3, Doc. No. 55-9; Reza Dep. 81:3–24, 122:19–123:5; 123:9–20, Doc. No. 55-6.)

- The "First Amendment" to the parties' agreement dated May 1, 2015 (Topic 2). (*See* 30(b)(6) Notice 3, Doc. No. 55-9; Reza Dep. 22:3–11, Doc. No. 55-6 (stating he had never seen the First Agreement before and could not testify as to the nature of the document).)

- Negotiations regarding the fee schedule attached to the parties' agreement (Topics 2 and 3). (*See* 30(b)(6) Notice 3–4, Doc. No. 55-9; Reza Dep. 18:2–19:16, Doc.

9

No. 55-6 (stating he could not testify about this topic because he wasn't involved in the negotiations, and that Dr. Jalal was the one involved).)

These topics address issues central to the parties' dispute in this case, including PML's own allegations and counterclaims. Based on this record, PML failed to meet its obligation to designate and prepare a knowledgeable witness for the 30(b)(6) deposition.

Considering the deposition as a whole, however, Dr. Reza did not engage in other obstreperous behavior warranting sanctions. Several colloquies which ARUP cites as evidence of obstruction appear, instead, to reflect legitimate attempts to obtain clarification. And although a few of Dr. Reza's answers could be characterized as nonresponsive or even evasive, these were limited instances in the context of a lengthy deposition, and they do not rise to the level of sanctionable conduct. Overall, Dr. Reza's failure to provide substantive answers to ARUP's questions throughout the deposition appears to have resulted primarily from lack of knowledge and preparation, rather than intentional obstruction.

The issue, then, is whether sanctions are warranted solely based on PML's failure to prepare Dr. Reza, and if so, what sanction are appropriate. ARUP asks to designate certain facts listed in the motion as established and to award attorney fees and costs. The court addresses each in turn.

ARUP has not demonstrated it is appropriate to designate the facts listed in its motion as established. First, ARUP fails to adequately connect the sanctionable conduct with the specific facts it asks to designate as established. Specifically, ARUP does not explain how each fact listed in the motion relates to questions Dr. Reza was unprepared to answer. Indeed, several of

the listed facts appear directly contrary to Dr. Reza's testimony.[3] It would be improper to take facts as established which Dr. Reza directly disputed. Second, PML offered Dr. Jalal as a substitute designee for topics on which Dr. Reza lacked knowledge, and ARUP had the opportunity to ask Dr. Jalal about these topics at his deposition only two days later. ARUP confirmed at the hearing that it asked Dr. Jalal about at least some of these topics, and ARUP does not allege Dr. Jalal was unprepared or unwilling to testify about them.[4] Under these circumstances, ARUP has not demonstrated taking the facts listed in the motion as established is an appropriate sanction.

Nevertheless, PML's failure to adequately prepare Dr. Reza caused ARUP to incur additional fees and costs, including expenses resulting from time spent preparing and questioning Dr. Reza on topics for which he was unprepared—and time spent asking Dr. Jalal about some of those same topics. ARUP is entitled to recover attorney fees and costs resulting from this wasted time and duplication of efforts. Accordingly, the court orders PML to pay fifty percent of ARUP's reasonable attorney fees and costs incurred in preparing for and taking the August 17 deposition, as a sanction for PML's failure to adequately prepare its 30(b)(6) designee.

---

[3] For example, ARUP's listed facts include statements that "Exhibit A to the Agreement is a fee schedule that was not based on California Medicaid, or 'Medi-Cal,' rates," and "ARUP had no obligation to set rates in accordance with Medi-Cal or California Medicaid rates." (Mot. 32–33, Doc. No. 55.) However, Dr. Reza testified that the parties' fee agreement was based on Medi-Cal rates and ARUP was obligated to provide services at or below those rates. (*See, e.g.*, Reza Dep. 37:8–38:8, Doc. No. 55-6 (testifying that the reference to California reimbursement-based fees in Exhibit A meant Medi-Cal rates); *id.* at 39:1–4 ("It was the intent of both parties that we were contracting to Medi-Cal rates, so they chose to call it California reimbursement-based fees. If they wanted to say Medi-Cal, it would have been the exact same thing."); *id.* at 66:23–64:3 (stating the fee schedule was "supposed to never be more than Medi-Cal").)

[4] This order does not address whether Dr. Jalal's testimony may be imputed to PML, because ARUP does not ask for this remedy in its motion.

3. ARUP's Request for PML's Counsel to Remain Visible and Unmuted

ARUP requests an award of attorney fees and costs in connection with its request for PML's local California counsel to remain visible and unmuted on video while in the same room as the deponent.  (Mot. 2, 20–23, 27, Doc. No. 55.)  ARUP argues PML's counsel unreasonably refused to stipulate to this request and forced ARUP to bring the dispute before the court, which ruled in ARUP's favor.  (*Id.* at 27.)

ARUP's request for fees and costs related to this dispute is denied.  As an initial matter, ARUP did not raise the issue of attorney fees when the dispute was originally presented.  It makes little sense to grant a request for fees made months later, where the court already issued a ruling and ARUP made no contemporaneous request for fees.  Moreover, remote depositions are a relatively new phenomenon which neither the federal nor local rules specifically address.  While it reflects best practices for attorneys to remain visible and unmuted during virtual depositions, no rule requires it.  Thus, although the court ultimately ruled in ARUP's favor, PML's refusal to stipulate to ARUP's request did not violate any rule.  And there is no allegation that PML failed to comply with the court's order, once issued.  Under these circumstances, PML's counsel's conduct is not sanctionable, and an award of fees and costs is unwarranted.

4. Attorney Fees and Costs Related to the Motion for Sanctions

Finally, ARUP seeks its attorney fees and costs incurred in bringing this motion. Although ARUP did not prevail on every issue, it succeeded in showing sanctions are warranted for PML and its officers' failure to appear at depositions and PML's failure to prepare its 30(b)(6) designee.  The majority of the briefing and argument on the motion for sanctions concerned these issues, and ARUP is entitled to recover its fees and costs in bringing these issues

before the court. Accordingly, the court concludes ARUP is entitled to an award of seventy-five percent of its reasonable attorney fees and costs incurred in bringing this motion.

## CONCLUSION

ARUP's motion for sanctions is GRANTED in part and DENIED in part, and PML is ORDERED to pay to the following to ARUP:

1. ARUP's reasonable attorney fees and costs caused by PML and its officers' failure to appear at the depositions on August 3 and 5, 2021, including the cost of the court reporter appearing on those dates, the transcripts of the record documenting the nonappearance, and attorney fees incurred in appearing on those dates, addressing the last-minute cancellation, and rescheduling;

2. fifty percent of ARUP's reasonable attorney fees and costs incurred in preparing for and taking the August 17, 2021 deposition, as a sanction for PML's failure to adequately prepare its 30(b)(6) designee; and

3. seventy-five percent of ARUP's reasonable attorney fees and costs incurred in bringing this motion for sanctions.

The parties shall meet and confer regarding the amount of fees and costs awarded. If the parties are unable to agree, ARUP may file a statement of its fees and costs, and PML may file an objection to the amount of fees and costs requested within seven days thereafter.

DATED this 12th day of January, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge