UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ARUP LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC MEDICAL LABORATORY, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND SCHEDULING ORDER TO REOPEN FACT DISCOVERY (DOC. NO. 64)** <br><br> Case No. 2:20-cv-00186 <br><br> Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Before the court is Defendant Pacific Medical Laboratory, Inc.'s ("PML") Motion to Amend Scheduling Order to Reopen Fact Discovery, ("Mot.," Doc. No. 64). Plaintiff ARUP Laboratories, Inc. ("ARUP") opposes the motion. (Opp'n, Doc. No. 68.) For the reasons explained below, the motion is denied.

## BACKGROUND

The original scheduling order in this case was entered on May 21, 2020, setting November 1, 2020 as the close of fact discovery. (Scheduling Order, Doc. No. 23.) This fact discovery deadline was extended several times and ultimately set for August 15, 2021. (*See* Third Am. Scheduling Order, Doc. No. 46.) PML did not take any depositions during the fact discovery period. (*See* Mot 3–4, Doc. No. 64; Opp'n 3–4, Doc. No. 68.) As described in detail in the court's order on ARUP's motion for sanctions, PML also failed to make its officers available for depositions at any time during the fact discovery period—despite ARUP attempting, for many months, to schedule the depositions. (*See* Mem. Decision and Order Granting in Part and Den. in Part ARUP's Mot. for Sanctions ("Sanctions Order") 2, 6–7, Doc.

1

No. 65.) Consequently, ARUP deposed PML and its officers shortly after the close of fact discovery, on August 17 and 19. (*See id.* at 3.)

According to PML, the parties' counsel discussed a general plan for ARUP to depose PML's witnesses first, followed by PML deposing ARUP's witnesses. (Mot. 3, Doc. No. 64.) PML alleges that, around the close of fact discovery, its former counsel informed ARUP he intended to file a motion to extend the fact discovery deadline, and ARUP's counsel indicated ARUP was unlikely to oppose the motion. (*Id.* at 3–4.) However, PML's former counsel never filed such a motion. (*Id.* at 4.) PML alleges its California corporate counsel, Babak Hashemi, repeatedly inquired about the status of the motion and received assurances from PML's former counsel that the motion would be filed imminently. (*Id.*; Decl. of Babak Hashemi in Support of Def.'s Mot. to Reopen and Enlarge Fact Disc. ("Hashemi Decl.") ¶¶ 11–14, Doc. No. 64-2.) Eventually, Mr. Hashemi checked the docket and discovered no motion to extend fact discovery had been filed, and ARUP had filed a motion for sanctions which had not been timely opposed. (Mot. 4, Doc. No. 64; Hashemi Decl. ¶ 16, Doc. No. 64-2.) Thereafter, PML hired new counsel to represent it in this case. (Mot. 5, Doc. No. 64; Hashemi Decl. ¶¶ 18–19, Doc. No. 64-2.) PML's new counsel entered an appearance on December 3, 2021 and represented PML at a hearing on ARUP's motion for sanctions on January 4, 2022. (Notice of Substitution of Counsel, Doc. No. 61; Minute Entry (Jan. 4, 2022), Doc. No. 63.)

PML filed its motion to reopen discovery on January 12, 2022—nine days before the deadline to file dispositive motions. (*See* Mot., Doc. No. 64; Third Am. Scheduling Order, Doc. No. 46.) At the parties' joint request, the court stayed the dispositive motions deadline pending a ruling on PML's motion. (Docket Text Order (Jan. 19, 2022), Doc. No. 69.)

## LEGAL STANDARDS

The court has "broad discretion" in deciding discovery and scheduling matters. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). Under the federal rules, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."). Good cause "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 Fed App'x 57, 61 (10th Cir. 2009) (unpublished) (internal quotation marks omitted).

The Tenth Circuit has identified several relevant factors for courts to consider in determining whether good cause exists to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 U.S. Dist. LEXIS 110051, at *4–6 (D. Utah June 9, 2021) (unpublished) (applying these factors to a motion to reopen discovery).

When a motion for extension is made after the deadline has passed, the court must also determine "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect requires 'some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified.'" *Utah*

3

*Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (unpublished) (quoting *Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)).

## ANALYSIS

PML seeks to reopen discovery to "take a handful of depositions of ARUP employees and representatives, including a corporate deposition," and to issue "limited written discovery." (Mot. 2, Doc. No. 64.) PML asserts it was diligent in seeking discovery within the deadlines because the parties planned on ARUP taking depositions first, but ARUP took its depositions outside the fact discovery period. (*Id.* at 7.) ARUP will not be prejudiced, according to PML, because ARUP was on notice that PML intended to take depositions and to move to extend the fact discovery deadline—and because no dispositive motions have been filed. (*Id.* at 6–7.) PML also argues the need for additional discovery was foreseeable to ARUP for these same reasons. (*Id.*) PML asserts the discovery sought will lead to relevant evidence, and notes no trial has been set. (*Id.* at 6–8.) Finally, PML claims any delay in bringing the motion was due to its former counsel's neglect. (*Id.* at 9.) PML argues it should not be punished for this where it diligently inquired into the status of the motion and engaged new counsel after learning its former counsel failed to file a motion to extend the fact discovery deadline. (*Id.* at 9–10.)

In opposition, ARUP argues it will be prejudiced if discovery is reopened at this stage because the broad discovery PML seeks would significantly delay this action. (Opp'n 6, Doc. No. 68.) ARUP argues the need for this discovery was foreseeable to PML during the discovery period, and PML was not diligent in obtaining discovery within the deadlines. (*Id.* at 6–8.) ARUP also contends any negligence by PML's former counsel does not excuse the delay in bringing the motion, noting Mr. Hashemi was closely involved in monitoring this case. (*Id.* at 9–10.)

4

Applying the factors set forth above, PML has failed to demonstrate good cause to reopen discovery. First, PML was not diligent in seeking discovery within the deadlines set by the court. PML failed to take any depositions during the fact discovery period, despite multiple extensions of the discovery deadline. Although PML claims it agreed to conduct its depositions after ARUP's depositions, the delay causing ARUP's depositions to occur after the close of fact discovery was a result of PML's failure to make its officers available during the fact discovery period. (*See* Sanctions Order 6–7, Doc. No. 65.) The record shows ARUP tried for many months to schedule both parties' depositions and offered dates when ARUP's witnesses would be available—including offering availability the same week ARUP deposed PML's officers. (*See* Ex. C to Opp'n, Email from ARUP's Counsel to PML's Counsel (May 13, 2021), Doc. No. 68-3; Ex. G to Opp'n, Emails from ARUP's Counsel to PML's Counsel (July 9, 14, & 28, 2021), Doc. No. 68-4; *see also* Sanctions Order 2, Doc. No. 65.) PML did not proceed with depositions on any of the offered dates, instead waiting until five months after the close of discovery to file the instant motion. This factor weighs heavily against reopening discovery.

Second, the need for the discovery PML seeks in this motion was foreseeable before the close of fact discovery. PML does not argue new information justifies reopening discovery at this stage, nor does it seek focused discovery regarding particular issues. Rather, it seeks to conduct general discovery on the parties' claims which it failed to pursue during the fact discovery period. Because the need for this discovery was foreseeable before the deadline expired, this factor weighs heavily against reopening discovery. *See Tracy*, 2021 U.S. Dist. LEXIS 110051, at *5–6 (denying a motion to reopen discovery where the need for such discovery was foreseeable before the close of fact discovery).

Third, ARUP opposes the motion and will be prejudiced by reopening discovery. This case has been pending for nearly two years, with multiple extensions of the fact discovery deadline. PML filed its motion to reopen discovery five months after the close of fact discovery and only days before the dispositive motion deadline. Permitting PML to reopen general discovery on the parties' claims at this stage would delay the case and burden ARUP with additional litigation costs. Imposing such costs at this stage is not justified where PML failed to diligently pursue discovery during the fact discovery period. These factors weigh against reopening discovery.

Turning to the remaining factors, trial is not imminent, and depositions of ARUP's employees and representatives would likely lead to relevant evidence.[1] These factors weigh in PML's favor. However, taken together, these factors do not outweigh the other factors leaning against reopening discovery. Based on a consideration of all the relevant factors, PML has failed to demonstrate good cause to reopen discovery.

Further, PML has failed to demonstrate its delay in pursuing discovery and in bringing this motion is a result of excusable neglect. PML's attempt to blame these delays on its former counsel's negligence is unavailing. For one, the Supreme Court instructs that "clients must be held accountable for the acts and omissions of their attorneys" in assessing whether a party's failure to meet deadlines is excusable. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993) (finding the lower court erred in "focus[ing] its analysis on whether respondents did all they reasonably could in policing the conduct of their attorney, rather than on whether their attorney, as respondents' agent, did all he reasonably could to comply" with the

---

[1] ARUP does not explain the nature of the "limited written discovery" it seeks, leaving the court unable to determine whether such discovery would lead to relevant evidence. (*See* Mot. 2, Doc. No. 64.)

court's deadlines). PML's argument that it should not be accountable for its former counsel's negligence is inconsistent with this principle. And PML has offered no explanation for its former counsel's lack of diligence which would support a finding of excusable neglect.

Moreover, the record shows PML's corporate counsel, Mr. Hashemi, has been directly involved in the parties' discovery efforts throughout this litigation. Mr. Hashemi was present for ARUP's depositions, participated in a court hearing regarding a discovery dispute, and directly emailed ARUP's counsel and the court about this case both during and after the fact discovery period. (*See* Sanctions Order 4, Doc. No. 65; Minute Entry (Aug. 19, 2021), Doc. No. 51; Ex. A to Opp'n, Emails from Mr. Hashemi to Oberg Chambers (Nov. 12 & 15, 2021), Doc. No. 68-1; Ex. B to Opp'n, Email from Mr. Hashemi to ARUP's Counsel (Mar. 18, 2020), Doc. No. 68-2; Ex. D to Opp'n, Emails from Mr. Hashemi to ARUP's Counsel (Feb. 26, 2020; Mar. 2, 9, 10 & 27, 2020; Apr. 15, 2020; May 15, 2020; July 10, 2020) Doc. No. 68-4.) Indeed, Mr. Hashemi states in his declaration that "[t]hroughout the litigation, [he] communicated with [PML's former counsel], discussed litigation strategy, implementation of the same[,] and checked in periodically to ensure that discovery was proceeding as planned and [PML's] defenses and counterclaims were being effectively advanced." (Hashemi Decl. ¶ 9, Doc. No. 64-2.) Where PML's corporate counsel was closely tracking discovery, PML cannot credibly claim it was unaware of the discovery deadlines or its former counsel's failure to pursue discovery within those deadlines.

Finally, the five-month delay in filing this motion following the close of fact discovery cannot be solely attributed to PML's former counsel. PML waited more than five weeks after new counsel appeared to file this motion, and it offers no explanation for this delay. There is no basis to find this delay was a result of excusable neglect.

## CONCLUSION

PML's motion to reopen fact discovery is DENIED. The new deadline for filing dispositive motions shall be February 7, 2022.

DATED this 31st day of January, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

8