THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ARUP LABORATORIES, INC., a Utah Corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>PACIFIC MEDICAL LABORATORY, INC. a California Corporation,<br><br>Defendant and Counterclaimant. | **TRIAL ORDER**<br><br>Case No. 2:20-cv-00186<br><br>District Judge David Barlow |

This case is set for a 3-day civil bench trial to begin on **Monday, October 16, 2023 at 10:00 a.m. in Room 8.100, 351 South West Temple, Salt Lake City, Utah.** Trial will be held each day from 10:00 a.m. until 4:00 p.m., with a 15-minute break at mid-morning, a 30-minute lunch break at noon, and a 15-minute break at mid-afternoon. The parties should schedule witnesses to be available on this schedule. On the first day of trial, the parties are required to appear at 9:30 a.m.

The final pretrial conference in this matter is scheduled for **October 6, 2023 at 1:30 p.m. in Room 8.100, 351 South West Temple, Salt Lake City, Utah.** Counsel who will try the case must attend.

At the final pretrial conference, each party should be prepared to do the following: (1) identify and discuss the issues in the case; and (2) specify how much time they will need for presentation of the evidence. The parties should be prepared to discuss the allocation of time available for the presentation of evidence between the parties assuming 5 hours each day.

Counsel are instructed as follows:

**1. Court-Imposed Deadlines**

The deadlines described in this order cannot be modified or waived in any way by a stipulation of the parties. Any party that believes an extension of time is necessary **must** make a timely motion to the court.

| REQUIRED ACTIONS AND ASSOCIATED DEADLINES | |
|---|---|
| • Parties exchange witness lists. | **August 4, 2023** |
| • Plaintiff provides all exhibits to opposing counsel. | **August 4, 2023** |

| | |
|---|---|
| • Parties serve designation of witness testimony by recorded means, if any, whether video, audio or paper. | **August 4, 2023** |
| • Parties file all motions in limine on the docket. | **August 11, 2023** |
| • Plaintiff(s) serves comprehensive Trial Notice in a form consistent with this link.[1] | **August 18, 2023** |
| • Defendants provide all exhibits to plaintiff. | **August 18, 2023** |
| • Parties serve objections to designated witness testimony, then meet and confer. | **August 18, 2023** |
| • Defendant(s), counter-, cross-, and third-party claimants serve comprehensive Trial Notice in a form consistent with this link,[2] then meet and confer. | **August 25, 2023** |
| • Parties file opposition memoranda to motions in limine on the docket. | **September 1, 2023** |
| • Parties file joint Trial Notice on the docket. A copy of this notice in Word format is to be emailed to UTDecf_Barlow@utd.uscourts.gov. | **September 8, 2023** |
| • Parties file objections as to authenticity of exhibits, if any, on the docket. | **September 8, 2023** |
| • Parties file reply memoranda to motions in limine on the docket. | **September 15, 2023** |
| • Parties file witness and exhibit lists on the docket. Copies of these items in Word format are to be emailed to UTDecf_Barlow@utd.uscourts.gov. | **October 6, 2023** |
| • Parties attend final pretrial conference. | **October 6, 2023 at 1:30 p.m.** |
| • Counsel must provide all hard and electronic copies of exhibits to Courtroom Deputy. | **First day of trial** |

2. **Motions in Limine**

Motions in limine are permissive in a bench trial. Parties are required to file a motion in limine if a ruling on the issue presented may make it unnecessary for a witness to appear at trial to testify. Any motions in limine are to be filed with the court by the stated deadline unless otherwise ordered by the court. A separate motion must be filed for each preliminary ruling sought. Each motion must specifically identify the relief sought and must contain the memorandum of law in the same document. (*See* DUCivR 7-1(a)(1)). A proposed order should be emailed to UTDecf_Barlow@utd.uscourts.gov as a Word document. Opposition memoranda must be filed by the stated deadline. No memorandum in support of, or in opposition to, a motion may be longer than three (3) pages in length, unless leave to file a longer brief for good cause shown is sought and obtained.

---

[1] https://www.utd.uscourts.gov/judge-david-b-barlow.
[2] *Id.*

### 3. Recorded Testimony

Any party desiring to present sworn testimony of a witness by recorded means, whether video, audio, or paper must serve on the other parties a designation of the testimony by the stated deadline. Designations must be specific. For paper depositions, this includes page and line numbers. For video or audio depositions, this includes starting and ending time stamps. Any objection must be made by the stated deadline. The parties must meet and confer (with at least one in-person meeting) to resolve any disputes. When deposition designations are served and identified in the joint Trial Notice, the parties should indicate whether the deposition designations will be submitted as part of the record or read into the record. Sworn testimony to be presented by audio or video media must be edited to play only the testimony designated. Unresolved disagreements about deposition witness designations should be noted as objections in the joint Trial Notice filed on the docket.

### 4. Trial Notice

The procedure for preparing and submitting Trial Notices is as follows:

(a) The parties should use the template at this link[3] to prepare their proposed Trial Notices.

(b) The parties must serve on each other their proposed Trial Notice by the stated deadlines. These proposals shall not be filed with the court. The parties must then meet and confer in order to combine content and agree on a joint Trial Notice to the extent possible. These meetings, which must include at least one in-person meeting involving lead trial counsel, must be substantive in character and must represent the parties' best collaborative effort.

(c) If, after the meeting, the parties cannot agree on the joint Trial Notice, they must identify those objections in the Trial Notice filed with the court. Keep in mind that the court expects the parties to meet, confer, and use best efforts to reach an agreement where possible regarding the content of the joint Trial Notice.

(d) A copy of the Trial Notice must be emailed to UTDecf_Barlow@utd.uscourts.gov as a Word document by the stated deadline. Include the case number and case name in the email subject line.

### 5. Exhibits/Marking Exhibits

(a) Parties must meet and confer to avoid marking the same exhibit twice.

(b) After eliminating duplicate exhibits, each party must prepare an exhibit list for filing on the docket by the stated deadline and in Word format for the court's use at trial. Standard forms of exhibit lists are available from the court's website,[4] and questions

---

[3] https://www.utd.uscourts.gov/judge-david-b-barlow.
[4] https://www.utd.uscourts.gov/usdc-forms.

regarding the preparation of these lists may be directed to the courtroom deputy, Tracy Schofield, at 801-524-6781.

(c)     Exhibits to be exchanged shall include all evidence to be offered except the following: oral testimony to be offered at trial, documents to be used solely for impeachment, demonstrative exhibits created in connection with oral testimony at trial, and objects or other physical evidence. Photos of objects and other physical evidence, however, must be exchanged. Copies must be exchanged in electronic media but may also include a hard copy. Counsel will be required to report to the court at the Final Pretrial Conference whether this requirement has been completed.

(d)     The requirement for objections to exhibits under Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure is superseded by this Order. Any objection to the authenticity of an exhibit as defined by Rule 901 of the Federal Rules of Evidence must be made in writing by the stated deadline. The court will address these challenges at the final pretrial conference. All other objections to the admissibility of an exhibit are reserved until the exhibit is offered at trial.

(e)     All parties are required to pre-mark their exhibits to avoid taking up court time during trial for such purposes.

(f)     All exhibits to be used at trial must, at the time they are exchanged with opposing counsel, be marked for identification numerically. Plaintiffs should start numbering exhibits at 1. Defendants should start their numbering at 1000. The exhibit identification should include a designation of the party offering the exhibit, such as "Plaintiff's Exhibit ___" or "Defendant's Exhibit ___."

(g)     Pages of documentary exhibits must retain bates stamps used when the documents were produced in discovery.

(h)     Original exhibits must be stapled.

(i)     Exhibit lists, marked exhibits, and courtesy copies must be submitted to the court by the stated deadlines. The exhibit list must also be emailed as a Word document to UTDecf_Barlow@utd.uscourts.gov by the stated deadline

(j)     Courtesy copies of exhibits on a CD/DVD or flash drive in PDF format are preferred. Optical Character Recognition (OCR) must be run on the PDF files to enable text searching of the exhibits. If a party marks more than ten (10) exhibits, courtesy copies of exhibits **must** be provided in PDF format on a CD/DVD or flash drive.

(k)     If a CD/DVD or flash drive with courtesy copies of exhibits in PDF format is not provided (because the party is marking less than ten exhibits and has elected not to provide courtesy copies of exhibits on a CD/DVD or flash drive in PDF format) three (3) paper courtesy copies of exhibits in a tabbed binder must be delivered to the court. A tabbed binder containing paper copies of exhibits must be made available for witnesses to use while testifying.

(l) At the conclusion of *each* day of trial, counsel for each party shall meet with the Courtroom Deputy to confirm on the record that all exhibits admitted that day have been entered onto the court's official witness and exhibit list and are located in the court's evidence binder. Immediately following closing arguments, counsel shall review the compiled evidence binder and certify on the record that the exhibits contained in the evidence binder are correct and complete copies of the exhibits received in evidence. Failure to do so shall constitute a waiver.

### 6. Witness Lists

In addition to each party's identification in its Trial Notice of will call, may call, and deposition witnesses, including a summary of their testimony, each party is required to file on the docket by the stated deadline a separate witness list for the court's use at trial. Standard forms of witness lists are available from the court's website,[5] and questions regarding the preparation of these lists may be directed to the Courtroom Deputy, Tracy Schofield, at 801-524-6781. Witness lists must also be emailed to UTDecf_Barlow@utd.uscourts.gov by the stated deadline.

Each afternoon of trial, by no later than 6:00 p.m., counsel anticipating examination of witnesses the next day shall provide the names of witnesses anticipated to be examined to all counsel and to UTDecf_Barlow@utd.uscourts.gov, and by no later than 8:00 p.m. shall by the same means provide the list of exhibits anticipated to be used with each witness.

Witnesses who are *not* disclosed on the witness list will not be permitted to testify, absent a showing of exceptional circumstances.

### 7. Opening Argument

Opening argument is disfavored in bench trials and ordinarily not permitted.

### 8. Closing Argument

The court will hear closing arguments at the close of evidence. Any closing rebuttal argument must be limited to addressing new issues raised during the defendant's closing argument. The plaintiff's closing argument must be structured to allow the defendant a fair opportunity to address the argument in its closing. In some instances, the court will consider hearing closing argument after receiving posttrial briefing from the parties.

### 9. Findings of Fact and Conclusions of Law

If the court orders the parties to submit proposed findings of fact and conclusions of law, the findings of fact must be supported by reference to the record. For that reason, the court urges the parties to make arrangements with the court reporter for the preparation of a trial transcript. Conclusions of law must be accompanied by citations to supporting legal authority.

---

[5] https://www.utd.uscourts.gov/usdc-forms.

If ordered to provide them, the proposed findings of fact and conclusions of law should be submitted to chambers both in hard copy and electronic Word format (email utdecf_barlow@utd.uscourts.gov) and should also be docketed.

**10. Courtroom Equipment**

If counsel wish to use any courtroom equipment, including easels, projection screens, etc., they must so state at the final pretrial conference. Trial counsel and support staff are expected to familiarize themselves with any equipment they intend to use in advance of trial. For practice time and training, contact Tracy Schofield at 801-524-6781.

**11. Daily Transcript Requests**

If counsel desire Realtime or daily transcription of the trial, they must contact and make such request with the court reporters at least two weeks before the trial.

**12. Courtroom Conduct**

In addition to the rules outlined in DUCivR 43-1, the court has established the following ground rules for the conduct of counsel at trial:

(a) Please be on time for each court session. Trial engagements take precedence over any other business. If you have matters in other courtrooms, arrange in advance to have them continued or have a colleague handle them for you.

(b) Stand as court is opened, recessed or adjourned.

(c) Stand when addressing, or being addressed by, the court.

(d) In making objections and responding to objections to evidence, counsel must state the legal grounds for their objections, preferably with reference to the specific rule of evidence upon which they rely. For example, "Objection . . . irrelevant and inadmissible under Rule 402" or "Objection . . . hearsay and inadmissible under Rule 802."

(f) Only in the first instance should counsel ask permission to approach a witness in order to hand the witness a document or exhibit. Permission is not required for any subsequent approach of that witness.

(g) Address all remarks to the court, not to opposing counsel, and do not make disparaging or acrimonious remarks toward opposing counsel or witnesses. Counsel must instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

(h) Refer to all persons, including witnesses, other counsel, and parties, by their standard salutation (Mr., Ms., Mrs., Dr., Officer, Detective, etc.) and their surnames, NOT by their first or given names.

(i) Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

(j) Counsel should not refer to other witnesses' testimony in their questioning. For example, counsel should not ask "Witness A testified . . . would you agree?"

(k) When not taking testimony, counsel will remain seated at counsel table throughout the trial unless it is necessary to move to see a witness. Absent an emergency, do not leave the courtroom while court is in session. If you must leave the courtroom, you do not need to ask the court's permission. Do not confer with or visit with anyone in the spectator section while court is in session. Messages may be delivered to counsel table provided they are delivered with no distraction or disruption in the proceedings.

(l) The same attorney must do initial and rebuttal closing arguments, and rebuttal closing argument may not take more time than the initial closing argument.

(m) Reconciliation of Exhibits. At the conclusion of *each* day of trial, counsel for each party shall meet with the Courtroom Deputy to confirm on the record that all exhibits admitted that day have been entered onto the court's official witness and exhibit list and are located in the court's evidence binder. Immediately following closing arguments, counsel shall review the compiled evidence binder and certify on the record that the exhibits contained in the evidence binder are correct and complete copies of the exhibits received in evidence. Failure to do so shall constitute a waiver.

(n) Please review the guidelines for Creating the Best Transcript Possible[6] with your entire trial team and witnesses before trial.

SIGNED this 7th day of April, 2023.

BY THE COURT:

_____
David Barlow
United States District Judge

---

[6] https://www.utd.uscourts.gov/sites/utd/files/Creating_the_Best_Transcript_Possible.pdf.