UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ARUP LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC MEDICAL LABORATORY, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER REGARDING AMOUNT OF FEES AND COSTS AWARDED IN CONNECTION WITH ARUP'S MOTION FOR SANCTIONS (DOC. NO. 55)** <br><br> Case No. 2:20-cv-00186 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff ARUP Laboratories, Inc. previously filed a motion for sanctions related to the depositions of two officers of Defendant Pacific Medical Laboratory, Inc. ("PML"), and PML's Rule 30(b)(6) deposition.[1]  The court granted the motion in part and denied it in part, and ordered PML to pay the following fees and costs to ARUP:

1. ARUP's reasonable attorney fees and costs caused by PML and its officers' failure to appear at the depositions on August 3 and 5, 2021, including the cost of the court reporter appearing on those dates, the transcripts of the record documenting the nonappearance, and attorney fees incurred in appearing on those dates, addressing the last-minute cancellation, and rescheduling;

2. fifty percent of ARUP's reasonable attorney fees and costs incurred in preparing for and taking the August 17, 2021 deposition, as a sanction for PML's failure to adequately prepare its 30(b)(6) designee; and

3. seventy-five percent of ARUP's reasonable attorney fees and costs incurred in bringing this motion for sanctions.[2]

---

[1] (Mot. for Sanctions, Doc. No. 55.)

[2] (Mem. Decision and Order Granting in Part and Den. in Part ARUP's Mot. for Sanctions 13, Doc. No. 65.)

1

The court ordered the parties to meet and confer regarding the amount of fees and costs, and set deadlines for ARUP to file a statement of fees and costs and for PML to file any objection.[3]

After the parties failed to agree on the amount, ARUP filed an attorney declaration regarding its fees and costs with supporting exhibits, including billing records.[4] PML filed an attorney declaration objecting to the amount sought,[5] and ARUP filed a reply.[6]

## LEGAL STANDARDS

Courts have "very broad discretion" in the imposition of sanctions, including awards of attorneys' fees.[7] To determine an award of attorneys' fees, courts generally utilize the lodestar method, in which they multiply the hours counsel "reasonably spent on the litigation by a reasonable hourly rate."[8] The party seeking the fee award "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."[9] A party may meet its burden by "submitting meticulous, contemporaneous time records that reveal,

---

[3] (*Id.*)

[4] (*See* Decl. of Michael D. Mayfield in Support of Fees and Costs ("Mayfield Decl."), Doc. No. 81; Ex. B to Mayfield Decl., ARUP Spreadsheets and Invoices, Doc. No. 81-2.)

[5] (*See* Decl. of Andrew G. Deiss Objecting to Fee Decl. ("Deiss Decl."), Doc. No. 91.)

[6] (ARUP's Reply in Support of Attorney's Fees Decl. ("Reply"), Doc. No. 97.)

[7] *Comcoa, Inc. v. NEC Tels., Inc.*, 931 F.2d 655, 666 (10th Cir. 1991).

[8] *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998) (internal quotation marks omitted); *see also Webb v. Cnty. of Stanislaus*, No. 2:21-mc-00696, 2022 U.S. Dist. LEXIS 78387, at *7 (D. Utah Apr. 29, 2022) (unpublished) (utilizing the lodestar method for calculating attorneys' fees as a discovery sanction).

[9] *Case by Case*, 157 F.3d at 1249 (internal quotation marks omitted).

for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[10]

A party opposing a fee award "has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants fair notice, the reasonableness of the requested fee."[11] "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections."[12]  "A district court is justified in reducing the reasonable number of hours if the attorney's time records are sloppy and imprecise and fail to document adequately how he or she utilized large blocks of time."[13]  The court may also reduce the reasonable hours awarded if the hours claimed by counsel include work which was "unnecessary, irrelevant and duplicative."[14]  The "essential goal" is to do "rough justice, not to achieve auditing perfection."[15]

## ANALYSIS

ARUP seeks a total award of $35,936.73 in fees and costs, divided into the three award categories as follows: $1,733.50 for failure to appear at depositions; $7,114.35 for failure to prepare the Rule 30(b)(6) designee; and $27,088.88 related to the motion for sanctions.[16]  PML

---

[10] *Id.* at 1250.

[11] *Flying J Inc. v. Comdata Network, Inc.*, No. 1:96-cv-066, 2007 U.S. Dist. LEXIS 84554, at *36 (D. Utah Nov. 15, 2007) (unpublished).

[12] *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).

[13] *Case by Case*, 157 F.3d at 1250 (internal quotation marks omitted).

[14] *Id.* (citation omitted).

[15] *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110 (2017) (internal quotation marks omitted).

[16] (*See* Ex. B to Mayfield Decl., ARUP Spreadsheet, Doc. No. 81-2 at 2.)

concedes the hourly rates of ARUP's attorneys and paralegal are reasonable,[17] and PML does not challenge the amount sought for failure to appear at depositions.[18]  But with respect to the other two categories, PML argues (1) the amount of time spent on certain activities was unreasonable, and (2) some of the fees sought are for work outside the scope of the court's fee award.[19]

A.  Failure to Appear at Depositions

For the award related to failure to appear at depositions, ARUP seeks fees for 2.6 hours billed by attorney Elaina Maragakis at $360/hour ($936), 1.2 hours billed by attorney Michael Mayfield at $365/hour ($438), and costs of $359.50 for deposition transcripts.[20]  PML does not object to the amount sought in this category and, based on the records submitted by ARUP, the claimed fees and costs are reasonable.[21]  Therefore, the amount awarded in this category is $1,733.50.

B.  Failure to Prepare Rule 30(b)(6) Designee

For the award related to failure to prepare the Rule 30(b)(6) designee, ARUP seeks fees for 31.3 hours billed by Ms. Maragakis at $360/hour ($11,268), 2.7 hours billed by Mr. Mayfield at $365/hour ($985.50), 0.2 paralegal hours billed at $180/hour ($36), and costs of $1,939.20 for a transcript.[22]  These fees and costs total $14,228.70.[23]  Because the court awarded ARUP fifty

---

[17] (Deiss Decl. ¶ 4, Doc. No. 93.)

[18] (*See generally id.*)

[19] (*See id.* ¶ 5.)

[20] (*See* Ex. B to Mayfield Decl., ARUP Spreadsheet, Doc. No. 81-2 at 2.)

[21] (*See* Ex. B. to Mayfield Decl., ARUP Invoice dated Sept. 24, 2021, Doc. No. 81-2 at 6–9.)

[22] (*See* Ex. B to Mayfield Decl., ARUP Spreadsheet, Doc. No. 81-2 at 2.)

[23] (*See id.*)

percent of its fees and costs incurred in preparing for and taking this deposition, ARUP seeks an award of $7,114.35 in this category.[24]

PML contends many of the billing entries related to deposition preparation fail to specify which deposition the attorney was preparing for and, instead, appear to include preparations for both the Rule 30(b)(6) deposition and a deposition of another PML officer two days later.[25] PML points to four specific examples:[26]

- July 14, 2021: 1.1 hours to "[r]evise outline for depositions"[27]

- July 26, 2021: 1.3 hours for "[r]eview of documents produced by ARUP to determine which documents to use in depositions"[28]

- August 12, 2021: 1.2 hours to "[c]ontinue working on depositions; emails with D. Nelson regarding depositions; respond to emails regarding same"[29]

- August 13, 2021: 0.4 hours to "review amended deposition notices"[30]

PML argues only half of the fees associated with deposition preparation for which the deposition is unspecified should be included in the award.[31]  PML also argues 0.9 hours billed the day after

---

[24] (*See id.*)

[25] (*See* Deiss Decl. ¶ 30, Doc. No. 93.)

[26] (*See id.*)

[27] (Ex. B. to Mayfield Decl., ARUP Invoice dated Aug. 25, 2021, Doc. No. 81-2 at 4.)

[28] (*Id.*)

[29] (Ex. B. to Mayfield Decl., ARUP Invoice dated Sept. 24, 2021, Doc. No. 81-2 at 7.)

[30] (*Id.*, Doc. No. 81-2 at 8.)

[31] (*See* Deiss Decl. ¶¶ 31, 33, Doc. No. 93.)

the Rule 30(b)(6) deposition should be excluded, since this work must have pertained to the other deposition two days later (for which fees were not awarded).[32]

A review of ARUP's billing records confirms nearly all the entries for deposition preparation fail to specify which deposition such preparation related to. This includes not only the four examples identified by PML, but also entries on July 20, July 21, July 27, July 28, August 2, August 13, and August 16, which all refer to deposition preparation generally, without specifying the deposition.[33] In its reply, ARUP asserts "the vast majority of time spent preparing for the depositions went to the Rule 30(b)(6) deposition, as it was scheduled first, and encompassed all of the topics."[34] But this assertion is unsupported by an affidavit or declaration from ARUP's counsel. Where the billing entries themselves fail to specify which deposition the attorney was preparing for, and there were two upcoming depositions only two days apart, it is reasonable to allocate only half of the billed time from these entries toward preparation for the Rule 30(b)(6) deposition. Accordingly, half of the deposition preparation time from billing entries which fail to specify a deposition will be excluded from the fee award.

---

[32] (*See id.* ¶ 32.)

[33] (*See* Ex. B to Mayfield Dep., ARUP Invoices dated Aug. 25 and Sept. 24, 2021, Doc. No. 81-2 at 4–5, 7–8.) Only two billing entries on August 17 specify that the deposition preparation documented therein was for the Rule 30(b)(6) deposition conducted the same day. (Ex. B to Mayfield Dep., ARUP Invoice dated Sept. 24, 2021, Doc. No. 81-2 at 8.)

[34] (Reply 4, Doc. No. 97.)

The other challenged billing entry, from August 18, 2021, the day after the Rule 30(b)(6) deposition, must also be excluded.[35]  It falls outside the scope of the fee award for this category, which encompasses only "preparing for and taking the August 17, 2021 deposition."[36]

These exclusions are applied as follows:

- 22.3 hours billed by Ms. Maragakis in this category relate to unspecified deposition preparation.[37]  Half of this time (11.15 hours) is excluded.  Subtracting this amount from Ms. Maragakis' total claimed hours in this category (31.3) leaves 20.15 hours.  Multiplied by her hourly rate of $360, Ms. Maragakis' allowed fees in this category are $7,254.

- 1.8 hours billed by Mr. Mayfield in this category relate to unspecified deposition preparation.[38]  Half of this time (0.9 hours) is excluded.  The August 18 entry for 0.9 hours is also excluded in its entirety.[39]  Subtracting these amounts from Mr. Mayfield's total claimed hours in this category (2.7) leaves 0.9 hours.  Multiplied by his hourly rate of $365, Mr. Mayfield's allowed fees in this category are $328.50.

---

[35] (*See* Ex. B to Mayfield Dep., ARUP Invoice dated Sept. 24, 2021, Doc. No. 81-2 at 8.)

[36] (Mem. Decision and Order Granting in Part and Den. in Part ARUP's Mot. for Sanctions 13, Doc. No. 65.)

[37] This reflects Ms. Maragakis' billing entries for deposition preparation from July 14, 20, 21, 26, 27, and 28, and August 2, 12, 13, and 16.  (*See* Ex. B to Mayfield Dep., ARUP Invoices dated Aug. 25 and Sept. 24, 2021, Doc. No. 81-2 at 4–5, 7–8.)

[38] This reflects Mr. Mayfield's billing entries for deposition preparation from July 28 and August 12, 13, and 16.  (*See* Ex. B to Mayfield Dep., ARUP Invoices dated Aug. 25 and Sept. 24, 2021, Doc. No. 81-2 at 4, 7–8.)

[39] (*See* Ex. B to Mayfield Dep., ARUP Invoice dated Sept. 24, 2021, Doc. No. 81-2 at 8.)

Adding these attorney fees to the paralegal fees ($36) and transcript costs ($1,939.20), the total reasonable fees and costs incurred in this category equal $9,557.70.  The court awarded ARUP fifty percent of its reasonable fees and costs incurred in this category.  Therefore, the amount awarded in this category is $4,778.85.

C.  <u>Motion for Sanctions</u>

For the award related to bringing the motion for sanctions, ARUP seeks fees for 64.7 hours billed by Ms. Maragakis at $360/hour ($23,292), 24.9 hours billed by Mr. Mayfield at $365/hour ($9,088.50), and 17.8 hours billed by attorney Jacob Roberts at $210/hour ($3,738).[40] These attorney fees total $36,118.50.[41]  Because the court awarded ARUP seventy-five percent of its fees and costs incurred in bringing the motion for sanctions, ARUP seeks an award of $27,088.88 in this category.[42]

PML argues this amount includes fees outside the scope of the award in this category.[43] Specifically, PML contends time spent drafting the declaration of fees and costs, reviewing the order on the motion for sanctions, discussing PML's award proposal with the client, and discussing and drafting a proposed order should be excluded.[44]  PML also argues the time spent drafting and litigating the motion for sanctions was unreasonable.[45]  PML asserts a motion of this

---

[40] (*See* Ex. B to Mayfield Decl., ARUP Spreadsheet, Doc. No. 81-2 at 2.)

[41] (*See id.*)

[42] (*See id.*)

[43] (*See* Deiss Decl. ¶¶ 24–28, Doc. No. 93.)

[44] (*See id.*)

[45] (*See id.* ¶¶ 11–16.)

type and length should reasonably take up to seventy-five hours to draft and litigate, whereas (according to PML) ARUP's attorneys billed ninety-two hours for this work.[46]

Based on a review of ARUP's billing records, the hours claimed for drafting and litigating the motion for sanctions are reasonable. ARUP submitted detailed billing records documenting the time spent on specific tasks in this award category.[47] A review of these records shows the three attorneys collectively spent 70.1 hours researching and drafting the motion for sanctions, 9.5 hours reviewing PML's opposition and drafting a reply, and 10.9 hours preparing for and attending the hearing—totaling 90.5 hours. The records adequately describe the specific tasks performed, and there is no obvious indication of work which was unnecessary, irrelevant, or duplicative.

PML's objection to the reasonableness of these hours is unpersuasive. PML contends this work should have taken no more than seventy-five hours, based on PML's counsel's estimate of a reasonable amount of time to draft various portions of the motion and to prepare for oral argument.[48] But PML does not point to any particular tasks or hours which were unnecessary or duplicative. Further, this is a difference of only 15.5 hours—in other words, PML seeks to reduce the claimed hours by approximately seventeen percent. PML fails to show

---

[46] (*See id.* ¶¶ 12, 16.)

[47] (*See* Ex. B. to Mayfield Decl., ARUP Invoices dated Sept. 24, Oct. 11, Nov. 8, and Dec. 8, 2021 and Jan. 8, 2022, and Time Reports for Jan. and Feb. 2022, Doc. No. 81-2 at 6–24.)

[48] Specifically, PML's counsel attests, based on his litigation experience, that drafting an argument section should take a maximum of three hours per page, drafting a fact section should take a maximum of one hour per page, and preparation for oral argument should take about eight hours. (Deiss Decl. ¶ 16, Doc. No. 93.) He also asserts the motion contained only six pages of genuine argument and twenty-one pages of facts, and he notes the reply was seven pages. (*Id.* ¶¶ 13–15.) But PML's counsel does not explain how these estimates correspond to his proposed total of seventy-five hours, and it is unclear how he reached this number.

such a reduction is warranted, where ARUP provided detailed records supporting the actual time spent and PML does not challenge the adequacy of those records.  Given the length and complexity of the motion and the fact-intensive issues it addressed, ARUP's claimed hours for drafting and litigating the motion for sanctions are reasonable.

ARUP is also entitled to include hours reasonably spent on recovering fees and costs in this award category.  "An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application."[49]  ARUP's billing records show its attorneys spent 16.9 hours on work related to fee recovery after the hearing, including reviewing the sanctions order, conferring with PML's counsel regarding the amount of the award, preparing the declaration of fees and costs, and drafting a proposed order.  This work was reasonably undertaken in order to recover the fees and costs awarded in the sanctions order. Review of the sanctions order was necessary to understand the scope of the award; the conferral was specifically ordered by the court; and preparation of a declaration of fees and costs was necessary where the parties were unable to agree on the amount.[50]  Moreover, time spent drafting a proposed order should not be excluded merely because the court did not ask ARUP to prepare one.  Parties routinely prepare proposed orders even when not specifically requested or required,

---

[49] *Case by Case*, 157 F.3d at 1254 (citation omitted); *see also Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-cv-00032, 2021 U.S. Dist. LEXIS 15091, at *52–53 (D. Utah Jan. 26, 2021) (unpublished) ("The Tenth Circuit generally allows recovery of fees for an attorney's work in seeking attorney's fees.").

[50] PML notes that ARUP did not respond to PML's counteroffer regarding the award amount but instead proceeded with filing a declaration of fees and costs.  (*See* Deiss Decl. ¶¶ 20–22, Doc. No. 93.)  But the billing records show the parties' respective counsel conferred by email and telephone on numerous occasions over the course of a month regarding the award amount.  (*See, e.g.*, Ex. B to Mayfield Decl., ARUP Time Report entries dated Jan. 25, Jan. 31, Feb. 16, Feb. 22, Feb. 24, and Feb. 25, 2022, Doc. No. 81-2 at 23–24.)  This was sufficient to comply with the court's order to confer, and ARUP was not required to continue negotiating after receiving a counteroffer which it deemed unacceptable.

and it was not unreasonable for ARUP to do so here.  Thus, ARUP may include time reasonably spent on all these tasks in the award.  PML does not challenge the reasonableness of the time spent on these tasks—only whether the tasks should be included.  Based on a review of the billing records, the time spent was reasonable.

Accordingly, ARUP's total claimed attorney fees incurred in this category— $36,118.50—reflects a reasonable fee.  The court awarded seventy-five percent of ARUP's reasonable attorney fees and costs incurred in this category.  Therefore, the amount awarded in this category is $27,088.88.

## CONCLUSION

Pursuant to the award of fees and costs in the court's order on ARUP's motion for sanctions,[51] and based on the findings set forth above, PML is ordered to pay fees and costs to ARUP in the total amount of $33,601.23.

DATED this 25th day of August, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[51] (Doc. No. 65.)